UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  8:19-cr-515-SDM-LSG
                                                          8:24-cv-614-SDM-LSG

WILBUR LEE WALLACE, JR.,

_____

## ORDER

Wilbur Lee Wallace, Jr., moves under 28 U.S.C. § 2255 to vacate his conviction and 180-month sentence for possessing a firearm and ammunition while a convicted felon.  He challenges his enhanced sentence as an armed career criminal and claims counsel rendered constitutionally ineffective assistance.  He is entitled to no relief.

## BACKGROUND

Wallace pleaded guilty without a plea agreement to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The presentence report recommends a mandatory minimum sentence of 180 months under the Armed Career Criminal Act ("ACCA") because of Wallace's prior Florida convictions in 1997 and 1998 for the sale of cocaine and his 2005 conviction for the possession of cocaine with the intent to sell, manufacture, or deliver it.  (Crim. Doc. 108 at ¶ 31 and p.38)  Wallace objected to the recommendation and argued that his prior convictions did not qualify as serious drug

offenses to support the enhanced sentence under the ACCA. (*Id.* at 37–39) The district court overruled Wallace's objection and sentenced him to 180 months. (Crim. Doc. 138 at 17–18)

On appeal, Wallace repeated his argument that his Florida drug offenses do not qualify as predicate serious drug offenses under the ACCA. The circuit court disagreed and affirmed Wallace's mandatory minimum sentence of 180 months. *See United States v. Wallace*, No. 21-12946, 2023 WL 3404924, at * 2 (11th Cir. May 12, 2023).

Wallace moves to vacate his conviction and sentence. In Grounds One, Two, and Four, Wallace repeats his challenge to his enhanced sentence under the ACCA and claims counsel was ineffective for not successfully challenging his sentence. In Ground Three, he claims that counsel was ineffective on appeal for initialing filing a brief under *Anders v. California*, 386 U.S. 738 (1967).

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective

assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Wallace must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Wallace must show "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Wallace cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

## DISCUSSION

### *Grounds One, Two, and Four*

In Grounds One, Two, and Four, Wallace repeats his challenge to his enhanced sentence as an armed career criminal.[1]  The United States correctly responds that this claim is procedurally barred because the circuit court resolved the claim against him.

Before sentencing Wallace objected to the presentence report's recommendation that his Florida convictions qualified as serious drug offenses to support an enhanced sentence under the ACCA.  (Crim. Doc. at 37–39)  In a sentencing memorandum, Wallace argued that his prior convictions were not "the type of drug offenses that Congress intended to result in enhanced sentencing."  (Crim. Doc. 114 at 6)  At sentencing counsel repeated the objection (Crim. Doc. 138 at 17–18):

> I told Mr. Wallace I would bring it up to the Court[.] [H]e, of course, objects to the armed career criminal designation based on his prior felony convictions relating to drugs, two are sale and I think one was possession with intent.  I think that was the one from 2004.  I know the *Shular* case is out there and we would just, for the record, make an objection[.] [W]e still believe that [the convictions] should not qualify as serious drug offenses for the purposes of ACCA.

Observing that *Shular v. United States*, 589 U.S. 154 (2020), forecloses the objection,

---

[1] In "an effort to get to the root of the problem," the district court restates the arguments Wallace advances in Ground One, Two, and Four as a challenge to his enhanced sentence.  *Senter v. United States*, 983 F.3d 1289, 1294 (11th Cir. 2020) (concluding that the district court "correctly identified the claim before it, and its reframing of the claim did not violate *Clisby* [*v. Jones,* 960 F.2d 925 (11th Cir. 1992) (*en banc*)]"); *see also Haines v. Kerner*, 404 U.S. 519, 596 (1972).  Throughout his Section 2255 motion and reply, Wallace cites various cases, none of which affords him relief.

the district court overruled the objection and sentenced Wallace to 180 months. (*Id.* at 18)

On appeal, Wallace repeated his challenge to his enhanced sentence and argued that his cocaine-related offenses do not qualify as serious drug offenses under the ACCA. The circuit court disagreed and affirmed Wallace's enhanced sentence, *Wallace*, No. 21-12946, 2023 WL 3404924, at *2:

> Our holding in *Jackson II* forecloses Wallace's argument that his § 893.13 offenses do not qualify as serious drug offenses under the ACCA. Although both federal and state law exempted ioflupane from the relevant prohibitions against possession of a "controlled substance" when Wallace committed the instant offense, ioflupane possession did qualify under both federal and state law when he committed his cocaine-related offenses. *See* Fla. Stat. § 893.13(1) (1998); 80 Fed. Reg. at 54716; 21 C.F.R. § 1308.12(b)(4)(ii) (2017); *Jackson II*, 55 F.4th at 850 n.3, 851. Because a state "serious drug offense" incorporates the federal controlled-substances schedules in effect when Wallace was convicted of his prior drug offenses, and because § 893.13(1) is not categorically broader than the ACCA's definition of a serious drug offense, *Jackson II* forecloses Wallace's argument otherwise. Accordingly, we affirm Wallace's mandatory minimum sentence of 180 months.

Wallace's repeated challenge to his enhanced sentence under the ACCA is procedurally barred. "A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and [the circuit court] rejected on direct appeal." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) (citing *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014)). The circuit court specifically considered and rejected the claim that Wallace repeats here. Consequently, the district court declines to reconsider the merits of the claim. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has

been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.").

Additionally, Wallace claims that counsel rendered constitutionally ineffective assistance by not successfully challenging his enhanced sentence. This claim fails because Wallace cannot show that "no competent counsel would have taken the action that his counsel did take." *Chandler*, 218 F.3d at 1315. The record shows that counsel lodged an unsuccessful objection to the presentence report's recommendation of an enhanced sentence and repeated this objection in a sentencing memorandum, at the sentencing hearing, and on appeal. "[The circuit court] has long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel." *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010); *see also Lukehart v. Sec'y, Fla. Dep't of Corr.*, 50 F.4th 32, 47 (11th Cir. 2022) (citing *Ward*, 592 F.3d at 1164 ("[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy.")).

Furthermore, Wallace cannot show he was prejudiced by counsel's performance. To show prejudice, Wallace must show "a reasonable probability that that the result of the proceeding—*i.e.*, the length of his sentence—would have been different absent counsel's allegedly deficient performance." *United States v. Simmons*, 799 F. App'x 718, 722 (11th Cir. 2020) (citing *Griffith v. United States*, 871 F.3d 1321, 1330 (11th Cir. 2017)). Wallace cannot show he was prejudiced by counsel's unsuccessful objection to his enhanced sentence because, as the circuit court ruled

when affirming his sentence, "*Jackson II* forecloses Wallace's argument that his §
893.13 offenses do not qualify as serious drug offenses under the ACCA." *Wallace*,
No. 21-12946, 2023 WL 3404924, at * 2.  Accordingly, Wallace has not shown a
reasonable probability of a different sentence absent counsel's performance because
he was correctly sentenced as an armed career criminal.

### Ground Three

In Ground Three Wallace claims that appellate counsel rendered
constitutionally ineffective assistance when he initially filed a brief under *Anders v.
California*, 386 U.S. 738 (1967), instead of advancing a substantive challenge to his
enhanced sentence.  (Civ. Doc. 14 at 1) Wallace argues that the circuit court's
rejection of counsel's *Anders* brief demonstrates counsel's abandonment of his appeal.
(Civ. Doc. 3 at 18–20)

Appellate counsel initially filed an *Anders* brief and moved to withdraw his
representation.  *United States v. Wallace*, No. 21-12946-J, 2022 WL 899241 (11th Cir.
Mar. 23, 2022).  The circuit court concluded that the *Anders* brief was "inadequate to
support resolution" and reasoned that counsel neglected to "note or analyze any
potential issue of arguable merit, including Wallace's objections to his presentence
investigation report and his characterization as a career criminal, which Wallace
intentionally preserved for appeal."  *United States v. Wallace*, No. 21-12946-JJ, 2022
U.S. App. LEXIS 28930, at *1–2 (11th Cir. Oct. 18, 2022).  Therefore, the circuit
court denied counsel's motion to withdraw and directed him "to file either a merits
brief that addresses [Wallace's career criminal status] or an amended *Anders* brief

explaining why there are no meritorious issues on appeal." *Id*. at 2.  The circuit court further directed counsel "to re-examine the record and present any other issues that counsel deems appropriate for inclusion." *Id*.

Following the circuit court's directions, appellate counsel filed a merits brief. Citing *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), *vacated by United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), appellate counsel argued that Wallace's cocaine-related offenses do not qualify as serious drug offenses under the ACCA. *United States v. Wallace*, No. 21-12946-JJ, 2022 WL 17546748 (11th Cir. Nov. 18, 2022).  Reasoning that *Jackson II* forecloses Wallace's argument, the circuit court disagreed and affirmed Wallace's mandatory minimum sentence of 180 months. *United States v. Wallace*, No. 21-12946, 2023 WL 3404924, at * 2 (11th Cir. May 12, 2023).

"[T]he proper standard for evaluating [a] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland*[.]" *Smith v. Robbins*, 528 US 259, 286 (2000).  The movant "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id*.  Next, the movant must show prejudice—that is, "he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on appeal." *Id*.

Wallace shows neither that appellate counsel's performance was objectively unreasonable nor that he was prejudiced by counsel's performance.  Although

appellate counsel initially neglected to find arguable issues to appeal, he subsequently followed the circuit court's directions and filed a merits brief that advances the same challenge Wallace advances here—a substantive (but meritless) challenge to his enhanced sentence under the ACCA. Wallace suffered no prejudice because of counsel's initial filing of an *Anders* brief because the circuit court accepted and considered the subsequent merits brief. And, the fact that the substantive challenge to Wallace's sentence was unsuccessful does not prove ineffective assistance of counsel. *Ward*, 592 F.3d at 1164. Furthermore, Wallace cannot overcome the presumption that appellate counsel's performance was effective because he neglects to identify any additional challenges that counsel should have advanced on appeal. *See Smith*, 528 U.S. at 288 ("Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome.").

Wallace's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Wallace, close this case, terminate any pending motions, and enter a copy of this order in the criminal case.

### CERTIFICATE OF APPEALABILITY<br>AND LEAVE TO APPEAL IN FORMA PAUPERIS

Wallace is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant

has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Wallace must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Wallace is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wallace must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 9, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE